IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| AHMET CHABUK, | No. 89289-4-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| SHANNON STEWART and ALL OTHER OCCUPANTS, | |
| Respondents. | |

BOWMAN, A.C.J. — Ahmet Chabuk sued Shannon Stewart for unlawful detainer. After a bench trial, the court determined that Stewart was not liable for unlawful detainer and dismissed Chabuk's complaint. Chabuk appeals, challenging the trial court's findings of fact and conclusions of law. Because Chabuk failed to designate on appeal any verbatim reports of proceedings, we decline to reach the issues he raises. We affirm the trial court's dismissal and award Stewart attorney fees and costs on appeal.

FACTS

In October 2014, Stewart leased a house from Chabuk at 17711 Viking Way NW in Poulsbo. On November 20, 2024, Chabuk sued Stewart for unlawful detainer, alleging she failed to pay $2,775 for rent from September to November 2024. The same day, Chabuk moved for an order to show cause why the court should not enter a writ of restitution against Stewart, and the court set a show cause hearing for December 6. On December 5, the court appointed an attorney

to represent Stewart under RCW 59.18.640.[1]  At the show cause hearing, the court set the matter for trial.  Stewart then answered the complaint on December 17, alleging Chabuk failed to give her written notice of any rent increases in violation of RCW 59.18.140.  She also raised an affirmative defense that Chabuk breached his duty of implied habitability.

The trial court held a bench trial between January 24 and February 10, 2025.  On February 24, the court entered findings of fact and conclusions of law. It concluded that Chabuk breached the implied warranty of habitability, as Stewart gave Chabuk notice of several habitability issues but he failed to address them.[2]  The court determined the house became "totally uninhabitable" before Stewart stopped paying rent on September 1, 2024.  It concluded that as a result, Stewart "owed no rent from September 1, 2024 onward" and was not liable for unlawful detainer.

On March 6, 2025, Chabuk moved for reconsideration, which the trial court denied.  On March 7, Stewart moved the court to award her $28,537.50 in attorney fees plus costs of $76.00 as the prevailing party under RCW 59.18.290. On April 21, the court entered an order awarding Stewart attorney fees and costs at a reduced rate of $12,840.00.  On April 24, the trial court entered an order dismissing without prejudice Chabuk's complaint.

---

[1] RCW 59.18.640(1) provides that "the court must appoint an attorney for an indigent tenant in an unlawful detainer proceeding."  The Office of Civil Legal Aid implements the appointment, and the state must pay the costs of legal services provided by the appointed attorney. *Id.*

[2] The trial court found that the house had "many severe issues, including issues with the heating, water, electrical, air quality, a rat infestation, and structural issues with the flooring."

Chabuk appeals.

ANALYSIS

Chabuk challenges the trial court's dismissal of his complaint, arguing substantial evidence does not support the court's findings of fact and conclusions of law.[3]  Stewart contends Chabuk failed to perfect the record, so we cannot review the issues he raises.  And both parties request attorney fees and costs on appeal.

1.  Record on Appeal

It is the appellant's burden to perfect the record so that we have the evidence necessary to decide the issues presented.  *Yorkston v. Whatcom County*, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020).  When an appellant fails to perfect the record, we are compromised in our ability to fairly evaluate the findings in light of that record.  *Id.*  So, when an appellant provides an insufficient record, we may decline to reach the merits of the issues.  *Id.* at 825.

Chabuk argues the trial court erred by (1) setting the case for trial after failing to examine witnesses at the show cause hearing in violation of RCW 59.18.380, (2) failing to consider conflicting evidence at trial, (3) ordering a site visit at trial and relying on it as evidence, (4) determining that Stewart gave sufficient notice of the defects, (5) concluding that he breached the warranty of habitability, and (6) refusing to conclude that Stewart owed an additional $2,625

---

[3] Chabuk also challenges the trial court's award of attorney fees and costs to Stewart under RCW 59.18.290.  But Stewart separately appeals that award, and Chabuk raises the same arguments in his response to Stewart's appeal, so we address the attorney fee award in our opinion under No. 88263-5-I.

in damages for unpaid rent from March to May 2025.[4]  But he failed to designate verbatim reports of proceedings from the show cause hearing or the bench trial. And without the transcripts, we do not have an adequate record of the evidence that the parties presented or that the court relied on when making its determinations.  So, we decline to reach these issues.[5]

2.  Appellate Fees

Both parties request attorney fees and costs on appeal.

Chabuk requests attorney fees and costs under RAP 18.1 and CR 11, arguing Stewart's counsel violated the RPCs.[6]  But Chabuk fails to show that CR 11 applies on appeal.  *See* 3 KARL B. TEGLAND, WASHINGTON PRACTICE:  RULES PRACTICE, at 495 (7th ed. 2011) (Quoting the drafters' comment to the 1994 amendment of RAP 18.7, which provides, "If sanctions are to be imposed at the appellate level, this should be done pursuant to an appellate rule, not a superior court rule. . . . The amendment to rule 18.7 strikes the reference to CR 11, so that only sanctions under the [RAPs] will apply.").  And under RAP 18.9(a), a party is entitled to fees only when, among other things, a party files a frivolous appeal or uses the RAPs for the purpose of delay.  *Right-Price Recreation, LLC*

---

[4] Chabuk also argues the trial court entered no findings of facts or conclusions of law.  He is incorrect.  On February 24, 2025, two weeks after the bench trial, the court entered the "Court's Decision After Bench Trial," which includes its findings of fact and conclusions of law.

[5] We note that in any event, we do not reweigh the evidence or evaluate witness credibility.  *Kraft v. Dep't of Soc. & Health Servs.*, 145 Wn. App. 708, 717, 187 P.3d 798 (2008).

[6] As much as Chabuk also challenges the trial court's failure to award sanctions under CR 11, we reject that argument because he never moved for CR 11 sanctions at trial based on the reasons stated in his opening brief.

*v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 384-85, 46 P.3d 789 (2002). Chabuk makes no showing that Stewart's counsel filed a frivolous appeal or used the RAPs for the purpose of delay.  So, we deny his request.

Stewart requests attorney fees and costs under RAP 18.1 and RCW 59.18.290.  RAP 18.1(a) allows recovery of reasonable attorney fees and costs if applicable law grants a party the right on review.  RCW 59.18.290(2) allows a court to award attorney fees and costs to the prevailing party in an unlawful detainer action.  *See also Skinner v. InCity Props. Holdings, Inc.*, 35 Wn. App. 2d 436, 461, 580 P.3d 986 (2025) (we may award attorney fees and costs to the prevailing party on appeal under RCW 59.18.290).  Here, Stewart is the prevailing party.  So, we award her attorney fees and costs on appeal in compliance with RAP 18.1.

We affirm the trial court's order dismissing Chabuk's complaint and grant Stewart attorney fees and costs on appeal.

_____, ACJ

WE CONCUR:

_____          _____
                                 Mann, J.

5